Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CELESTINA MELGAR SOSA,

*Plaintiffs*,

-against-

MAMA ANGELA ITALIAN RESTAURANT, INC. d/b/a MAMA'S PIZZA & ITALIAN RESTAURANT, JACK MARTINO and LUIGI DAMATO a/k/a Luigi Amato or Luigi D. Amato or Luigi D'Amato.

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No: 22-cv-4119**

CELESTINA MELGAR SOSA ("Plaintiff") by and through her attorney, Colin Mulholland, Esq., as against MAMA ANGELA ITALIAN RESTAURANT INC. d/b/a MAMA's PIZZA & ITALIAN RESTAURANT, JACK MARTINO and LUIGI DAMATO a/k/a Luigi Amato or Luigi D. Amato or Luigi D'Amato (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former employee of Mama's Pizza and Italian Restaurant at 605 Middle Country Road Centereach, New York 11720 that was owned and operated by Defendants MAMA ANGELA ITALIAN REST INC. d/b/a MAMA's PIZZA & ITALIAN RESTAURANT, JACK MARTINO and LUIGI DAMATO.

2. Defendants own, operate, and/or controlled a restaurant called Mama's Pizza & Italian Restaurant at 605 Middle Country Road Centereach, New York 11720.

3. Plaintiff CELESTINA MELGAR SOSA was employed by Defendants as a dishwasher and salad maker.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours she worked each week.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which she had to work over 10 hours per day.

6. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

**THE PARTIES**

9. Plaintiff CELESTINA MELGAR SOSA ("Plaintiff MELGAR") is an adult individual residing in Suffolk County, New York. Plaintiff SOSA was employed by Defendants at Mama's Pizza & Italian Restaurant from approximately February 2019 through October 2019.

10. MAMA ANGELA ITALIAN REST INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 605 Middle Country Road Centereach, New York 11720.

11. Mama's Pizza & Italian Restaurant was operated by Defendants JACK MARTINO and LUIGI DAMATO.

12. Defendant JACK MARTINO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JACK MARTINO is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

13. Defendant JACK MARTINO possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

14. Defendant JACK MARTINO assigned work tasks to Plaintiff.

15. Defendant JACK MARTINO supervised Plaintiff on a semi-daily basis.

16. Defendant JACK MARTINO disciplined Plaintiff.

17. Defendant JACK MARTINO was the liquor license holder for the business.

18. Defendant JACK MARTINO is the CEO of the corporate Defendant.

19. Defendant LUIGI DAMATO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant LUIGI DAMATO is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

20. Defendant LUIGI DAMATO possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

21. Defendant LUIGI DAMATO determined the wages and compensation of the employees of Defendants, including Plaintiff.

22. Defendant LUIGI DAMATO issued pay to Plaintiff.

23. Defendant LUIGI DAMATO disciplined Plaintiff.

24. Defendant LUIGI DAMATO supervised the employees and daily operations in Mama's Pizza & Italian Restaurant on days when Defendant JACK MARTINO was required elsewhere.

25. Defendants JACK MARTINO and LUIGI DAMATO had the authority to hire and fire employees and did indeed hire and fire employees for Mama's Pizza & Italian Restaurant.

26. Defendant LUIGI DAMATO controlled and/or supervised the payroll practices of Mama's Pizza & Italian Restaurant.

**FACTUAL ALLEGATIONS**

27. Defendant JACK MARTINO possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

28. Defendant LUIGI DAMATO possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

29. Defendants are associated and joint employers, act in the interest of each other.

30. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

31. Defendants are experienced restaurant operators and willfully and malicious failed to pay Plaintiff correctly as an intentional business practice.

32. Defendants knew or should have know of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

33. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of Plaintiff.

34. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

35. Defendants had more than 11 employees.

36. In the year 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at MAMA ANGELA ITALIAN REST INC., such as alcohol, vegetables, potatoes, breads, flour, eggs, milk, meats, beverages and cleaning supplies, were produced outside the State of New York.

*Plaintiff CELESTINA MELGAR SOSA*

38. Plaintiff MELGAR was employed by Defendants from approximately February 2019 through October 2019.

39. Throughout her employment with defendants, Plaintiff MELGAR was employed at the MAMA ANGELA ITALIAN REST INC. as a dishwasher and salad maker.

40. Plaintiff MELGAR regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

41. Plaintiff MELGAR's work duties required neither discretion nor independent judgment.

42. Plaintiff MELGAR regularly worked in excess of 40 hours per week.

43. Plaintiff MELGAR worked for the Defendants six-days per week from 11:00 A.M. until approximately 10:00 P.M. each day (typically 66 hours per week).

44. Defendants paid Plaintiff a weekly rate without a premium for her overtime hours.

45. Defendants paid Plaintiff $450 per week from approximately February 2019 until April 2019.

46. Defendants paid Plaintiff $470 per week from approximately May 2019 through July 2019.

47. Defendants paid Plaintiff $500 per week from approximately August 2019 through October 2019.

48. No notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

49. Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

50. Defendants never provided Plaintiff MELGAR, any notice in English and in Spanish (Plaintiff MELGAR's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

53. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

54. Plaintiff were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. At all times relevant to this action, Defendants were Plaintiff MELGAR's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff MELGAR, controlled the terms and conditions of her employment and had the power to determine the rate and method of any compensation in exchange for her employment.

57. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

58. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

59. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

60. Defendants' failure to pay Plaintiff MELGAR at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

61. Plaintiff was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

64. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

65. Plaintiff was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

66. Plaintiff MELGAR repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

68. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff MELGAR less than the minimum wage.

69. Defendants' failure to pay Plaintiff MELGAR the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

70. Plaintiff MELGAR was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

73. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

74. Plaintiff was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

75. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

76. Defendants failed to provide Plaintiff with written notices, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

77. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

78. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

79. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

80. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage

provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and

overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
July 14, 2022

By: */s/ Colin Mulholland*

Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*